

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-6-2006

# Haley v. Plainfield

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2236

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Haley v. Plainfield" (2006). *2006 Decisions.* Paper 1637.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1637

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-2236

———

DENNIS J. HALEY

Appellant

v.

CITY OF PLAINFIELD

———

On Appeal from the United States District Court
for the District of New Jersey
District Court No.: 03-cv-02659
District Judge: Honorable William G. Bassler

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 3, 2006

Before: MCKEE, SMITH, and VAN ANTWERPEN, Circuit Judges.

(Filed February 6, 2006)

———

OPINION OF THE COURT

———

VAN ANTWERPEN, Circuit Judge.

Before us is Dennis J. Haley's appeal from the March 31, 2005, Order and Opinion

of the District Court granting the City of Plainfield's ("Plainfield") motion for summary

judgment on Haley's claim of employment discrimination. Haley, a Caucasian officer in the Plainfield Police Department (the "Department"), argues that the Department's promotion of "lower ranked" African-American officers to lieutenant positions – while at the same time denying him promotion to that same position – was reverse racial discrimination. Plainfield in turn asserts that its promotion decisions were not based on discriminatory grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291 and will affirm.

**I.**

Because we write solely for the parties, we will set forth only those facts necessary to our analysis. Haley began his employment with the Department as a patrolman in 1986, and was promoted to sergeant in 1995. While a patrolman, Haley received four reprimands for violations of Department policy. Haley received four additional reprimands after being promoted to sergeant. In 1999, Haley passed a promotional examination and was placed fifth out of six individuals on the promotion eligibility list at that time. Everyone but Haley on that list was eventually promoted to lieutenant. District Court Slip Op. at *4 ("Dist. Ct. Op.").

Haley was denied promotion to a lieutenant position on May 16, 2002. On that date, the Department approved eight individuals for promotion. The racial makeup and rank of those eight individuals was as follows: two promoted to captain (one Caucasian and one African-American); three to lieutenant (two Caucasian and one African-American); and three to sergeant (two Caucasian and one African-American).

2

The two sergeants who were promoted in 2002 to lieutenant ahead of Haley were Officers Moye (African-American) and Newman (Caucasian). Haley scored fractionally higher on the promotional eligibility exam than did Moye or Newman, but the promotional exam was administered only to determine eligibility for promotion.[1] Moye had a master's degree[2] and had two reprimands in his file. Newman had a G.E.D. degree, worked in the Department's Narcotics unit (which was deemed the toughest assignment within the Department), and had three reprimands in his file.

After the Department denied him promotion, Haley filed the instant suit, alleging reverse racial discrimination on the ground that the Department had "skipped" over him in favor of less-qualified African-American officers. In its Opinion of March 31, 2005, the District Court concluded that Haley failed to make out a prima facie case of reverse discrimination because he failed to show that his "non-promotion resulted from unlawful reasons based on race." Dist. Ct. Op. at *13. The District Court also concluded that Haley had failed to present a genuine issue of material fact regarding whether the Department's proffered reasons for bypassing him were merely pretext for a decision that was actually based on discriminatory intent. Dist. Ct. Op. at *19.

## II.

This Court exercises plenary review over a district court's grant of summary judgment

---

[1]Haley admitted in his own deposition that his test score alone was not a basis for his assertion that he was better qualified than the other applicants.

[2]Haley did not complete college education.

3

and applies the same standard as the district court; *i.e.*, whether there are any genuine issues of material fact such that a reasonable jury could return a verdict for the plaintiff. Pa. Prot. & Advocacy, Inc. v. Pa. Dep't of Pub. Welfare, 402 F.3d 374, 379 (3d Cir. 2005) (citing Fed. R. Civ. P. 56(c)). We are required to review the record and draw inferences in a light most favorable to the non-moving party, but the non-moving party must provide admissible evidence containing "specific facts showing that there is a genuine issue for trial." Id. (citing Fed. R. Civ. P. 56(e)).

**III.**

This Court applies the burden-shifting analysis developed in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), to claims of reverse discrimination. Iadimarco v. Runyon, 190 F.3d 151, 158 (3d Cir. 1999). Under this analysis, the plaintiff must first establish a prima facie case of discrimination, which merely requires that the plaintiff present "sufficient evidence to allow a fact finder to conclude that the employer is treating some people less favorably than others based on a trait that is protected under Title VII." Id. at 161. Once the plaintiff makes this showing, the burden shifts to the employer to articulate some legitimate, non-discriminatory reason for its adverse action. See id. at 157. If the employer offers some evidence of a legitimate, non-discriminatory reason, to defeat summary judgment the plaintiff must then show that the stated reason was in fact pretext by pointing to "*some* evidence, direct or circumstantial, from which a fact finder could reasonably either (1) disbelieve the employer's articulated reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause

4

of the employer's action." Id. at 166 (quoting Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994)).

## IV.

Because the pretext phase of the McDonnell Douglas analysis is dispositive in this case, we will assume without deciding that Haley established a prima facie case of reverse discrimination. Under the pretext phase of the McDonnell Douglas analysis, the employer must first offer non-discriminatory reasons for its actions. Iadimarco, 190 F.3d at 165-66. The burden on the employer is "relatively light." Fuentes, 32 F.3d at 763.

The reasons offered by the Department meet this standard. Michael Lattimore, Plainfield's Director of Public Safety, had ultimate responsibility for the Department's hiring decisions during the relevant time period, and offered several reasons for his decision not to promote Haley. First, Lattimore stated that based on his personal work experience with all three officers, he believed that Moye and Newman were better experienced than Haley. Second, Lattimore stated that Haley's eight disciplinary incidents weighed against his promotion. In addition, Lattimore claimed that Haley had displayed difficulty in dealing with the African-American community and that the Department had received several complaints relating to Haley's demeanor in communicating with the African-American community. These are all legitimate, non-discriminatory reasons for the Department's decision and the District Court correctly concluded that the Department met its burden at this stage of the analysis. See Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 332 (3d Cir. 1995) ("an employer may have any reason or no reason for [an adverse employment

5

action] so long as it is not a discriminatory reason").

Because the Department proffered non-discriminatory reasons for its decision, Haley must point to evidence of implausibilities in these proffered reasons such that a reasonable fact finder could conclude that the Department's proffered reasons for not promoting him were pretextual. Kautz v. Met-Pro, Inc., 412 F.3d 463, 467 (3d Cir. 2005). Haley's burden at this stage is a heavy one. Id.

Even drawing all inferences in his favor, we conclude that Haley has failed to meet that burden. Employers may rely upon subjective criteria that relate to an employee's performance in their hiring decisions, id. at 468, and Haley does not provide any evidence to disprove the Department's reliance on Lattimore's subjective, race-neutral belief that, based on his own personal experience working alongside the three individuals, Moye and Newman possessed experience superior to Haley's and that Haley's disciplinary record weighed against his promotion.[3] Even if we were to disagree with Lattimore's impressions of the candidates' experience and records, we will not second-guess a decision that is not based on discriminatory motives. Id.; see also Keller v. Orix Credit Alliance, 130 F.3d 1101, 1109 (3d Cir. 1997) ("The question is not whether the employer made the best, or even a sound, business decision; it is whether the real reason is discrimination."). Likewise,

_____

[3]Moye was better-educated and had fewer disciplinary incidents than Haley. Newman also had fewer reprimands than did Haley and Lattimore believed that Newman was better-qualified because he served on the Department's Narcotics unit, which is "typically the toughest assignment which generates prodigious citizen complaints," and Newman received relatively few complaints while serving on the Narcotics unit.

6

Haley's argument that he was better qualified than Moye or Newman because he had more commendations than they had is of no moment because the Department could permissibly determine that the circumstances of Haley's eight disciplinary incidents outweighed his positive commendations, and Haley points to no evidence to suggest that this determination was based on his race. See Brewer, 72 F.3d at 332 (even "medieval" hiring and promotion practices are permissible so long as they are not based on protected trait). Accordingly, the District Court properly concluded that Haley failed to raise an genuine issue of material fact regarding whether Plainfield's proffered reasons for not promoting him to a lieutenant position were pretextual.

Finally, Haley offered some statistical evidence regarding the racial composition of the officers who were promoted.[4] A discrimination plaintiff who offers such evidence must

_____

[4] Haley's evidence is from a 1999 letter written by Edward Santiago, the Department's Chief of Police, to the mayor of Plainfield in connection with an earlier employment discrimination case filed against the Department. In that letter, Santiago wrote that he had reviewed the Department's promotion practices over the past 25 years, and that in his opinion, the Department had bypassed eight qualified Caucasian officers for promotions and that no African-American officers had been bypassed in favor of Caucasian officers. Haley points to this letter as evidence of the Department's bias against Caucasian officers.

The District Court correctly concluded that Santiago's deposition and letter evidence were insufficient proof from which a fact finder could conclude that the Department's reasons were pretextual. The critical inquiry in a reverse discrimination case is "not whether [the employer] discriminated against Whites in general, but whether [the employer] illegally discriminated against [plaintiff]." Iadimarco v. Runyon, 190 F.3d 151, 165 (3d Cir. 1999). Santiago's statements regarding the Department's history of promoting African-Americans over Caucasians were made in the context of a separate action and were therefore not probative in the instant case. See id. Furthermore, the District Court properly observed that the information contained in Santiago's statements was 20-30 years old and therefore not necessarily reflective of the Department's hiring practices at the time of its 2002 decision not to promote Haley. Cf. Pamintuan v. Nanticoke Mem'l Hosp., 192 F.3d 378, 387 & n.11 (3d

account for the qualified applicant pool for the position at issue or the flow of qualified candidates over the relevant time period; a mere summary of the demographic composition of the applicant pool is insufficient. <u>Ezold v. Wolf, Block, Schorr, and Solis-Cohen</u>, 983 F.2d 509, 542-43 (3d Cir. 1992). The evidence Haley offers accounts only for the race of the candidates and not their individual qualifications and employment histories and is therefore inadequate to meet his burden at this stage of the analysis. <u>See</u> <u>id.</u> at 543 (observing that no conclusions could be drawn from plaintiff's raw numbers on gender under-representation and that such numbers were therefore "not probative" of employer's allegedly discriminatory motive).

## V.

We have considered all other arguments made by the parties on appeal, and conclude that no further discussion is necessary. For the foregoing reasons, we will affirm the District Court's Order granting Plainfield's motion for summary judgment.

---

Cir. 1999) (evidence of events that were "temporally remote[]" from allegedly discriminatory events at issue in case was of virtually no probative value).